# City of Erie v. A Piece of Land

*Edward M. Murphy,* city solicitor, *Henry R. Jeffs,* assistant city solicitor, and *J. B. Held,* for City of Erie.

*William B. Washabaugh, Jr.,* for mortgagee and owner.

MORROW, P. J., fourteenth judicial district, specially presiding, July 26, 1941.—The petition herein of the City of Erie recited a judgment in its favor for $428.82 with interest and costs on a municipal claim against lot 323 in Glenwood Hills Subdivision; that a writ of levari facias was issued thereon to the above-stated number and term; that under this writ said property was, on July 2, 1940, offered for sale by the sheriff; that there was no bid following the announcement of the upset price of $923.03, covering all taxes and municipal claims, fixed pursuant to section 29 of the Municipal Lien Act of May 16, 1923, P. L. 207, as amended by the Act of June 5, 1937, P. L. 1732; and that the sale was postponed. The petition set forth, in addition to the municipal claim aforesaid, that there were

unpaid delinquent taxes due the City of Erie in the sum of $79.18, due the School District of the City of Erie in the sum of $73.91, and due the County of Erie in the sum of $9.12, also a mortgage in favor of Carrie E. Andrews in the sum of $1,100. The petition requested a rule upon the parties interested to appear and show cause why a decree should not be made that said property be sold at a second subsequent sale freed and cleared of said claims and mortgage. On July 5, 1940, an order was made by the president judge granting such rule, returnable on August 12, 1940, at 11 a.m. (d. s. t.). Said rule was under section 31 of the Act of May 16, 1923, supra, and was duly served.

It appears that, at the time the rule was returnable, the president judge was on his vacation and the matter was presented by the assistant city solicitor to the judge of the orphans' court specially presiding. None of the other parties interested was present. The rule was forthwith made absolute and sheriff's sale without further advertisement was directed to be had August 19, 1940, at which time the property was sold to the City of Erie for a nominal sum covering costs. The mortgage creditor, Carrie E. Andrews, and the County of Erie have petitioned the court to set aside the sale. On each petition a rule to show cause was granted, confirmation of the sale and all proceedings meanwhile to stay. Testimony was taken on said rules and the matter is now for determination.

The petition of the mortgage owner recites, inter alia, the sale was during the absence of the president judge and that it was understood all proceedings would be in abeyance until his return, and until the matter at no. 161, September term, 1940, argued August 8, 1940, had been disposed of as well as the companion case at no. 170, September term, 1940; and that she desires to have the right to bid at sale on equal terms with all other persons. The answer of the city solicitor is lengthy and argumentative, rather in the nature of a brief than a pleading.

One of the attorneys, T. O. Andrews, testified that after the sheriff had served on the mortgage owner, Carrie E. Andrews, the rule aforesaid she brought the notice to him, and he said to her: "It isn't necessary to do anything more because the court has agreed all these matters shall rest until he returns."

William B. Washabaugh, Jr., representing the mortgage owner, testified that he was present at the hearing in chambers on August 8th, and added: "I recollect it was my understanding that everything was in abeyance in regard to the cases . . . And I understood we had nothing further to do on any of these properties until after Judge Kitts returned from his vacation, during which he would read our briefs."

From the testimony of Bernard Cochran, a lien clerk for the City of Erie, we quote: "Did Mr. Washabaugh make any bid at the first sheriff sale? A. Yes, he did. Q. What was the bid, do you recollect? A. He and T. O. Andrews appeared together, and on all the properties at the first sheriff sale my recollection is that they bid $500 on each property as it was put up, and that bid being less than the upset price which had been fixed, the sheriff rejected that bid . . ."

Looking at the entire picture presented by the testimony and the record in this case, and taking into consideration the arguments made, it is our conclusion that right and justice will be best served by setting aside the sheriff's sale. Should the mortgage creditor be willing to bid $500 at a resale, the city will get a greater price than it asked this court at no. 170, September term, 1940, to approve for said property. The petition of the city on file at that number and term asked the court to approve a private sale of said property for the price of $162.21 from which was to be deducted $53.50 commission to a real estate broker and costs, leaving $108.71 net to be paid in five annual instalments for application to delinquent taxes.

In any motion of the City of Erie suggesting a date to be fixed by the court for a resale of said property,

it would seem fitting that ample time be afforded the parties interested. Section 3 of rule 37 of this court provides in part that all orders or decrees directing judicial sales of real estate shall be deposited with the sheriff not less than 25 days before the date of sale. Should the city, the county, and the school district see fit to enter into an agreement to bid jointly at a resale, bidding up to the total of their delinquent taxes, and, if successful, taking title in a manner to be agreed upon in proportion to their tax claims, with an understanding that if, later, more is gotten for the property the excess should be applied to the city's municipal claim, the agreement being made to cover also such other contingencies as deemed advisable, it would seem that the rights of the taxing authorities could be worked out by themselves to the advantage of all without resort to procedure under the aforesaid Act of May 21, 1937, P. L. 787, the terms of which do not appear broad enough immediately to solve a situation where there is an unpaid mortgage upon the property, recorded prior to the accrual of the taxes in question, no purchaser being willing to accept title subject to the lien of such a mortgage.

From recitals in the petition at no. 170, September term, 1940, mentioned above, it appears that the City of Erie acquired the title of the former owner, H. P. Andrews, on June 7, 1938, in sale by the city treasurer for delinquent taxes and that the period of redemption had expired. A statement of this fact seems to have been omitted from the petition of the city herein. Our views as expressed in opinion filed at no. 238, November term, 1940, are to the effect that this former owner no longer has an interest in the property in question. He joined in one of the petitions to set aside the sale, but if our opinion is correct he had no standing to do so and his action in joining was of no effect.

It is our understanding that other sales like the one here considered were made at the same time and that

petitions to set aside these sales were filed and rules issued as herein. What is here said and decided will be equally applicable thereto.

### Order

And now, to wit, July 26, 1941, after consideration, it is ordered and decreed that the rules to show cause why the sheriff's sale in this matter under date of August 19, 1940, should not be set aside, be and they are hereby made absolute and said sale is hereby set aside.